Amanda J. Rockett, OSB No. 052401
arockett@wshblaw.com
Elizabeth D MacGregor, OSB No. 066164
emacgregor@wshblaw.com
Wood, Smith, Henning & Berman LLP
12755 SW 69th Avenue, Suite 100
Portland, Oregon 97223
Telephone: 971.256.4010
Facsimile: 971.275.1928

*Attorneys for Defendants City of Oregon City,
John Behan, Daniel Hanes, Sydney Oden and
Denyse McGriff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| JACOB BURGARD,<br><br>                    Plaintiff,<br><br>        v.<br><br>CITY OF OREGON CITY, a municipal corporation; CLACKAMAS COUNTY, a political subdivision of the State of Oregon; JOHN BEHAN, in his individual capacity; DANIEL HANES, in his individual capacity; SYDNEY ODEN, in her individual capacity, and DENYSE MCGRIFF, in her individual capacity,<br><br>                    Defendants. | No. 3:25-cv-01198-AR<br><br>**DEFENDANTS CITY OF OREGON CITY, JOHN BEHAN, DANIEL HANES, SYDNEY ODEN, AND DENYSE MCGRIFF'S ANSWER TO PLAINTIFF'S COMPLAINT** |

In answer to Plaintiff's Complaint, Defendants City of Oregon City, John Behan, Daniel

Hanes, Sydney Oden, and Denyse McGriff, ("Defendants") deny each and every allegation of

Plaintiff's Complaint, except as admitted in this Answer.

1.

Regarding Plaintiff's introductory, unnumbered paragraph of his Complaint, Defendants admit that Plaintiff is a resident of Oregon City, Oregon.

As for the allegations that Plaintiff is "disabled", is "a qualified individual with Autism Spectrum Disorder and CPTSD", and that he "has long advocated for safe, ADA-complaint use of his neighborhood", and due to the vague and ambiguous terms and phrases used therein, Defendants lack knowledge sufficient to form a belief about the truth of the allegation.

As for the remaining allegations contained in Plaintiff's introductory paragraph of his Complaint, Plaintiff's allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny.

## JURISDICTION AND VENUE

2.

Regarding paragraphs 1-5 of the Complaint, Plaintiff's allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendants admit jurisdiction and venue are proper based on the facts alleged in the Complaint.

## PARTIES

3.

Regarding paragraphs 6 & 7 of the Complaint, Defendants admit that Plaintiff is an individual and resident of Oregon City, Oregon, and that Defendant Clackamas County is an Oregon governmental agency and operates the Clackamas County Jail through its Sheriff's Office

and correctional staff.

As to the remaining allegations contained in Paragraphs 6 & 7 of the Complaint, and due to the vague and ambiguous terms and phrases used therein, Defendants lack knowledge sufficient to form a belief about the truth of the allegation.

4.

Regarding Paragraph 8 of the Complaint, Defendants admit that the City of Oregon City is a public body organized and existing under the laws of the State of Oregon. Defendants admit that the City of Oregon City has discretion to adopt and enforce zoning ordinances under Oregon City Municipal Code Chapter 17.02.020. Defendants admit that, under certain circumstances, the City of Oregon City is responsible for maintaining ADA compliance and to act in a non-discriminatory manner to the extent the law applies under certain circumstances.

As to the remaining allegations contained in Paragraph 8 of the Complaint, Defendants deny.

5.

Regarding paragraphs 9-12 of the Complaint, Defendants admit that Defendants Daniel Hanes, Sydney Oden, and John Behan were all employed as sworn peace officers by the Oregon City Police Department. Defendants also admit Defendant Denyse McGriff was the elected Mayor of Oregon City, Oregon. Defendants admit that Officer Hanes was involved in an arrest involving the Plaintiff on July 21, 2023.

As to the remaining allegations contained in Paragraphs 9-12 of the Complaint, Defendants deny.

**FACTS**

6.

Regarding Paragraph 13 of the Complaint, Defendants admit Plaintiff is a resident of Oregon City, Oregon.

As to the remaining allegations contained in Paragraph 13 of the Complaint, and in part due to the vague and ambiguous terms and phrases used therein, Defendants lack knowledge sufficient to form a belief about the truth of the allegation.

7.

Regarding Paragraphs 14-20 of the Complaint, Defendants admit Plaintiff lodged a number of complaints against a number of businesses and/or individuals in the City of Oregon City and that Plaintiff's actions have affected residents and businesses located in Oregon City, Oregon, and that Plaintiff's actions have led to disputes between Plaintiff and residents/businesses located in Oregon City, Oregon.

As to the remaining allegations contained in Paragraphs 14-20 of the Complaint, and due to the vague, ambiguous, and argumentative terms and phrases used therein, Defendants lack knowledge sufficient to form a belief about the truth of the allegation.

8.

Regarding paragraphs 21-29 of the Complaint, Defendants deny.

9.

Regarding paragraphs 30-34 of the Complaint, Defendants admit that Oregon City Police Officers responded to a citizen complaint involving Plaintiff on July 20, 2023, that Oregon City Police Officers responded to a citizen complaint involving Plaintiff on July 21, 2023, and that Plaintiff was arrested on July 21, 2023 for Disorderly Conduct in the First Degree and Menacing.

As for the remaining allegations contained in Paragraphs 30-34 of Plaintiff's Complaint, Defendants deny.

10.

Regarding paragraphs 35-37 of the Complaint, and in part due to the vague, ambiguous, and argumentative terms and phrases used therein, Defendants lack knowledge sufficient to form a belief about the truth of the allegation.

11.

Regarding Paragraphs 38-47 of the Complaint, Defendants admit that, in September of 2023, Plaintiff sent multiple communications to different agencies and departments of the City with a multitude of complaints and requests with what he believed to be "reasonable accommodations", including demanding a meeting not take place at or near the police station or in proximity to law enforcement vehicles or uniforms and that Plaintiff wrote an email stating he had a protected disability and demanded accommodations, but deny that his requests were actually for any legally required "reasonable accommodations", deny that it failed to engage in any legally required interactive process, and deny that any of Defendant's actions or inactions constitute any violation of any local, state, or federal rules or laws.

As for the remaining allegations contained in Paragraphs 38-47 of the Complaint, and in part due to the vague, ambiguous, and argumentative terms and phrases used therein, Defendants lack knowledge sufficient to form a belief about the truth of the allegation.

12.

Regarding Paragraphs 48 & 49 of the Complaint, Defendants admit that Defendant Mayor Denyse McGriff spoke with Plaintiff on one instance on the telephone, and admit that Plaintiff hung up on Defendant Mayor Denyse McGriff, but deny that Defendant Mayor Denyse McGriff

refused to allow Plaintiff to properly explain his concerns.

As for the remaining allegations, and in part due to the vague, ambiguous, and argumentative terms and phrases used therein, Defendants lack knowledge sufficient to form a belief about the truth of the allegation.

13.

Regarding Paragraphs 50-52 of the Complaint, Defendants deny.

14.

Regarding Paragraph 53 of the Complaint, and all subparts contained therein, Defendants admit having general knowledge of multiple community members having filed different legal complaints against the Plaintiff for his actions, but deny that any employee of Defendant Oregon City, including, but not limited to Officer Hanes, had formed any form of "strategic alignment" with any community member against Plaintiff.

As for the remaining allegations contained in Paragraph 53 of Plaintiff's Complaint, Defendants lack knowledge sufficient to form a belief about the truth of the allegations.

15.

Regarding Paragraph 54 of the Complaint, Defendants admit that, solely because Plaintiff lodged a complaint against Officer Hanes to the Department of Public Safety Standards and Training, Oregon City Police Department administrative staff conducted an internal investigation.

As for the remaining allegations contained in Paragraph 54 of the Complaint, Defendants deny.

16.

Regarding Paragraph 55 of the Complaint, Defendants admit that, included in Officer Hanes's police report was that an employee of Oregon City Family Dentistry had filed a petition

for a stalking order against Plaintiff, and that petition was denied, however, Defendants object to Plaintiff's characterization of such detail as "key", and due to the vague, ambiguous, and argumentative nature of that term, Defendants lack knowledge sufficient to form a belief about the truth of the allegations.  Whether such detail was "key".

As for the remaining allegations contained in Paragraph 55 of Plaintiff's Complaint, Defendants lack knowledge sufficient to form a belief about the truth of the allegations.

17.

Regarding Paragraphs 56-60 of the Complaint, Defendants admit that, according to public court records, that Elizabeth Robarts-Dille filed a Petition for Restraining Order to Prevent Abuse in Clackamas County Case No. 23PO12360, that a Temporary Restraining Order was granted,  on November 3, 2023, and that on January 18, 2024, the Restraining Order was dismissed at Petitioner's Request, and the Court subsequently awarded attorney's fees by court Order on May 9, 2024.

As to the remaining allegations contained in Paragraphs 56-60, and in part due to the vague, ambiguous and argumentative nature of a number of terms and phrases used therein, Defendants lack knowledge sufficient to form a belief about the truth of the allegations.

18.

Regarding Paragraphs 61-63 of the Complaint, Defendants deny any and all allegations directed at them.

As to the remaining allegations contained in Paragraphs 61-63, and in part due to the vague, ambiguous and argumentative nature of a number of terms and phrases used therein, Defendants lack knowledge sufficient to form a belief about the truth of the allegations.

19.

Regarding Paragraphs 64 of the Complaint, it is unclear who Plaintiff is claiming "harass[ed] and coordinat[ed] efforts" against him, and Defendants lack knowledge sufficient to form a belief about the truth of the allegations, but to the extent Plaintiff is referencing any of the Defendants therein, Defendants deny.

20.

Regarding Paragraphs 65-69 of the Complaint, Defendants admit that Defendant Oden responded to Plaintiff's reported complaint regarding Daniel Raymond Wert via a telephone call, that Defendant Oden accurately reported the information provided by Plaintiff and his Plaintiff's wife, and accurately reported Plaintiff and Plaintiff's wife's respective demeanors during that interaction.

As for the remaining allegations contained in Paragraphs 65-69, Defendants deny.

21.

Regarding Paragraphs 70-75 of the Complaint, and in part due to the vague, ambiguous and argumentative nature of a number of terms and phrases used therein, Defendants lack knowledge sufficient to form a belief about the truth of the allegations.

22.

Regarding Paragraph 76 of the Complaint, Defendants deny.

23.

Regarding Paragraph 77 of the Complaint, Defendants admit that, at some point Officer Oden was under investigation solely due to the complaint Plaintiff lodged against her.

## CLAIM FOR RELIEF

### A. For Defendant CLACKAMAS COUNTY

### FIRST CLAIM FOR RELIEF

**Violation of the Fourth and Fourteenth Amendments**

**Unlawful Pretrial Detention**

24.

Regarding Paragraphs 78-82 of the Complaint, and in part due to the vague, ambiguous and argumentative nature of a number of terms and phrases used therein, Defendants lack knowledge sufficient to form a belief about the truth of the allegations.

### SECOND CLAIM FOR RELIEF

**Violation of the Fourth Amendment**

**Unlawful Search (42 USC § 1983)**

25.

Regarding Paragraph 83 of the Complaint, Defendants incorporate their answers contained in paragraphs 1-24, above.

26.

Regarding Paragraphs 84-87 of the Complaint, and in part due to the vague, ambiguous and argumentative nature of a number of terms and phrases used therein, Defendants lack knowledge sufficient to form a belief about the truth of the allegations.

## THIRD CLAIM FOR RELIEF

### Violation of the Fourteenth Amendment

### Coerced Medical Waiver and Due Process Violation (42 USC § 1983)

27.

Regarding Paragraph 88 of the Complaint, Defendants incorporate their answers contained in paragraphs 1-26, above.

28.

Regarding Paragraphs 89-93 of the Complaint, and in part due to the vague, ambiguous and argumentative nature of a number of terms and phrases used therein, Defendants lack knowledge sufficient to form a belief about the truth of the allegations.

## B. For Defendant CITY OF OREGON CITY

## FIRST CLAIM FOR RELIEF

### Violation of Title II of the Americans with Disabilities Act

### Failure to Provide Reasonable Accommodations  (42 USC § 12132)

29.

Regarding Paragraph 94 of the Complaint, Defendants incorporate their answers contained in paragraphs 1-28, above.

30.

Regarding Paragraph 95 of the Complaint, and in part due to the vague, ambiguous and argumentative nature of a number of terms and phrases used therein, Defendants lack knowledge sufficient to form a belief about the truth of the allegations.

31.

Regarding Paragraph 96 of the Complaint, Defendants admit that Plaintiff has made multiple written requests to the City of Oregon City for what *Plaintiff* considers to be "reasonable accommodations", but denies that Plaintiff's proposed accommodations were "reasonable accommodations" by legal definition and/or that Defendants in any way failed to provide legally required "reasonable accommodations" to Plaintiff.

32.

Regarding Paragraph 97 of the Complaint, Defendants deny.

33.

Regarding Paragraph 98 of the Complaint, Defendants deny that any Defendant violated Title II of the Americans with Disabilities Act in any manner.

As for the remaining allegations contained in Paragraph 98 of Plaintiff's Complaint, and in part due to the vague, ambiguous and argumentative nature of a number of terms and phrases used therein, Defendants lack knowledge sufficient to form a belief about the truth of the allegations.

## SECOND CLAIM FOR RELIEF

### Violation of Section 504 of the Rehabilitation Act

### (29 USC § 794)

34.

Regarding Paragraph 99 of the Complaint, Defendants incorporate their answers contained in paragraphs 1-33, above.

35.

Regarding Paragraph 100 of the Complaint, Defendants admit that the City of Oregon City

federal financial assistance to some of its departments and that it is subject to the requirements of Section 504 of the Rehabilitation Act in certain instances and circumstances, but denies any violation of the Act.

36.

Regarding Paragraphs 101-103 of the Complaint, Defendants deny.

## THIRD CLAIM FOR RELIEF

### Violation of The First Amendment

### Retaliation (42 USC § 1983)

37.

Regarding Paragraph 104 of the Complaint, Defendants incorporate their answers contained in paragraphs 1-36, above.

38.

Regarding Paragraphs 105-109 of the Complaint, Defendants deny.

## FOURTH CLAIM FOR RELIEF

### Violation of the Equal Protection Clause

### Selective Enforcement  (42 USC § 1983; US Const. amend. XIV)

39.

Regarding Paragraph 110 of the Complaint, Defendants incorporate their answers contained in paragraphs 1-38, above.

40.

Regarding Paragraphs 111-114 of the Complaint, Defendants deny.

## FIFTH CLAIM FOR RELIEF

### Violation of Title II of the ADA

### Failure to Maintain an ADA Coordinator (28 C.F.R. §35.107)

41.

Regarding Paragraph 115 of the Complaint, Defendants incorporate its answers contained in paragraphs 1-40, above.

42.

Regarding Paragraphs 116-118 of the Complaint, Defendants deny.

## C. For Defendant JOHN BEHAN

## FIRST CLAIM FOR RELIEF

### Violation of The Fourth Amendment

### Unlawful Arrest Without Probable Cause (42 U.S.C. §1983)

43.

Regarding Paragraph 119 of the Complaint, Defendants incorporate their answers contained in paragraphs 1-42, above.

44.

Regarding Paragraphs 120-124 of the Complaint, Defendants admit that Defendant John Behan, acting under color of state law and in concert with Defendant Daniel Hanes, lawfully arrested Plaintiff at his home without a warrant and without exigent circumstances, but denies that the either Defendant Behan and/or Defendant Hanes arrested Plaintiff without probable cause.

As for the remaining allegations contained in Paragraphs 120-124 of Plaintiff's Complaint, Defendants deny.

**SECOND CLAIM FOR RELIEF**

**Violation of The Fourteenth Amendment**

**Disability-Based Classification (42 U.S.C. §1983)**

45.

Regarding Paragraph 125 of the Complaint, Defendants incorporate their answers contained in paragraphs 1-44, above.

46.

Regarding Paragraphs 126-130 of the Complaint, Defendants admit that Defendant John Behan made contact with Plaintiff on July 20, 2023, in response to a citizen complaint regarding the Plaintiff.

As for the remaining allegations contained in Paragraphs 126-30 of the Complaint, Defendants deny.

**D. For Defendant DANIEL HANES**

**FIRST CLAIM FOR RELIEF**

**Violation of The Fourth Amendment**

**Unlawful Arrest (42 U.S.C. §1983)**

47.

Regarding Paragraph 131 of the Complaint, Defendants incorporate their answers contained in paragraphs 1-46, above.

48.

Regarding Paragraphs 132-136 of the Complaint, Defendants admit that Defendant Hanes, acting under color of state law and in concert with Defendant Behan, lawfully arrested Plaintiff at

his home without a warrant and without exigent circumstances, but deny that the Defendants arrested Plaintiff without probable cause.

As for the remaining allegations contained in Paragraphs 132-136 of Plaintiff's Complaint, Defendants deny.

## SECOND CLAIM FOR RELIEF

### Violation of the First Amendment

### Retaliatory Conspiracy (42 U.S.C. §1983)

49.

Regarding Paragraph 137 of the Complaint, Defendants incorporate their answers contained in paragraphs 1-48, above.

50.

Regarding Paragraphs 138-143 of the Complaint, Defendants deny.

## THIRD CLAIM FOR RELIEF

### Civil Conspiracy to Violate Constitutional Rights

### (42 U.S.C. §1983)

51.

Regarding Paragraph 144 of the Complaint, Defendants incorporate their answers contained in paragraphs 1-50, above.

52.

Regarding Paragraphs 145-149 of the Complaint, Defendants deny.

**E. For Defendant DENYSE MCGRIFF**

## FIRST CLAIM FOR RELIEF

**Violation of The First Amendment**

**Retaliation for Protected Advocacy (42 U.S.C. §1983)**

53.

Regarding Paragraph 150 of the Complaint, Defendants incorporate their answers contained in paragraphs 1-52, above.

54.

Regarding Paragraphs 151-158 of the Complaint, Defendants admit that Plaintiff contacted Mayor McGriff regarding complaints Plaintiff had, but as for the remaining allegations contained in Paragraphs 151-158 of Plaintiff's Complaint, Defendants deny.

## THIRD CLAIM FOR RELIEF[1]

**Civil Conspiracy**

**Coordinated Retaliation Against Civic Engagement**

**(42 U.S.C. §1983)**

55.

Regarding Paragraph 159 of the Complaint, Defendants incorporate their answers contained in paragraphs 1-54, above.

56.

Regarding Paragraphs 160-166 of the Complaint, Defendants deny.

---

[1] Plaintiff seems to have mislabeled this as he did not include any Second Claim for Relief against Mayor McGriff.

**F. For Defendant SYDNEY ODEN**

## FIRST CLAIM FOR RELIEF

### Violation of the Fourteenth Amendment

### (42 U.S.C. §1983)

#### 57.

Regarding Paragraph 167 of the Complaint, Defendants incorporate their answers contained in paragraphs 1-56, above.

#### 58.

Regarding Paragraphs 168-174 of the Complaint, Defendants deny.

#### 59.

Regarding Paragraph 175 of the Complaint, Defendants deny that Plaintiff has a right to amend his Complaint at any time, to add any claims, parties, or additional allegations for any reason.

#### 60.

Regarding Paragraphs 176-183 of the Complaint, and all subparts contained therein, Defendants deny that Plaintiff has a right to any of his alleged prayers for relief.

## AFFIRMATIVE DEFENSES

By way of further answer, City of Oregon City asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

### (Qualified Immunity – Defendants Behan, Oden, Hanes & McGriff)

#### 61.

Defendants Behan, Oden, Hanes, and McGriff are all entitled to qualified immunity.

## SECOND AFFIRMATIVE DEFENSE

### (Probable Cause – Defendants Behan & Hanes)

62.

Probable cause existed to secure, take into custody, and arrest or charge Plaintiff with crimes.

## THIRD AFFIRMATIVE DEFENSE

### (Justification – Defendants Behan & Hanes)

63.

The arrest and detention of Plaintiff was lawful and justified.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief)

64.

Plaintiff's Complaint fails to state one or more claims upon by which relief can be granted as to Defendants.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

65.

Plaintiff has failed to mitigate his damages.

## SIXTH AFFIRMATIVE DEFENSE

### (No Disability)

66.

The parties have not yet had the opportunity to exchange discovery in this matter, and therefore, Defendants do not have information to show Plaintiff is a qualified individual with a

disability as defined under the Americans with Disabilities Act at this time, and therefore, to the extent he is unable to provide such documentation, Plaintiff is not entitled to accommodations or protections under any of the federal claims for relief he has asserted.

## SEVENTH AFFIRMATIVE DEFENSE

### (Reasonable Accommodation Provided)

67.

To the extent Plaintiff requested an accommodation, Defendants engaged in an interactive process in good faith and attempted to provide reasonable accommodations consistent with its legal obligations.

## EIGHTH AFFIRMATIVE DEFENSE

### (Accommodations Requested were not "Reasonable")

68.

To the extent Plaintiff requested an accommodation, Plaintiff's specific accommodation requests were not "reasonable" for purposes of the Americans with Disabilities Act.

## NINTH AFFIRMATIVE DEFENSE

### (Direct Threat)

69.

Some or all of the accommodations Plaintiff requested would have posed a direct threat to the health or safety of the Plaintiff or others, and therefore was not required under the ADA.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Engage in the Interactive Process)

70.

To the extent any breakdown in the interactive process occurred, it was due to Plaintiff's

failure to reasonably engage in good faith.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Good Faith Efforts)

71.

Defendants made good faith efforts to comply with any and all legal obligations to accommodate Plaintiff to the extent required by law.

## TWELFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

72.

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations for some or all of the claims that he has asserted.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Legitimate and Non-Discriminatory Purpose)

73.

Any actions Defendants took or did not take against Plaintiff were for legitimate, non-discriminatory, and non-retaliatory reasons, and were not based on any impermissible classification, alleged disability, request for accommodation, or discriminatory intent.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

74.

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, waiver, estoppel, and/or laches.

## FIFTEENTH AFFIRMATIVE DEFENSE

## (Comparative Fault)

75.

If Plaintiff suffered any harm resulting from the events he described in his Complaint, Plaintiff's own actions, including his persistent harassing, unreasonable volume of correspondence, and inappropriate actions and/or demeanor contributed to or caused some or all of his harm.

## SIXTEENTH AFFIRMATIVE DEFENSE

## (No Discrimination or Denial of Benefits)

76.

Plaintiff was not excluded from participation in, denied the benefits of, or subjected to discrimination or retaliation under any program or activity solely by reason of disability.

## SEVENTEENTH AFFIRMATIVE DEFENSE

## (No Damages)

77.

Plaintiff has not suffered any compensable damages as a result of any act or omission by Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

## (No Damages)

78.

Plaintiff has not suffered any compensable damages as a result of any act or omission by Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Official Capacity/No Personal Involvement)

79.

To the extent Plaintiff has alleged claims against Defendants in their individual capacities, individual Defendants lacked personal involvement in the alleged conduct. To the extent Plaintiff has sued individual Defendants in their official capacities, Plaintiff's claims are barred by the Eleventh Amendment and/or fails to state a proper *Monell* claim against Defendant City of Oregon City.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Legitimate Government Interest)

80.

Any actions taken by Defendants were justified by legitimate and compelling government interest and were narrowly tailored to serve those interests.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Adverse Action/No Retaliation)

81.

To the extent Plaintiff alleges First Amendment retaliation, Defendants deny that any action was taken in retaliation for Plaintiff's protected activity. No adverse action was taken that would deter a person of ordinary firmness from engaging in protected speech.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Plaintiff's Speech Not Protected)

82.

Plaintiff's alleged speech was not protected under the First Amendment due to time, place,

or manner restrictions, or because it constituted unprotected speech (including, but not limited to: threats, incitement, and/or defamatory content).

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Municipal Liability Not Established - *Monell*)

83.

Regarding Plaintiff's claims against the City of Oregon City, Plaintiff has failed to identify a policy, custom, or practice that was the moving force behind any alleged constitutional violation, as required by *Monell v. Dep't of Social Services*, 436 US 658 (1978).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Irreparable Harm/Injunctive Relief Not Warranted)

84.

To the extent Plaintiff seeks injunctive or declaratory relief, Plaintiff cannot show irreparable harm or that there is no adequate remedy at law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Damages Barred or Limited)

85.

Any claim for compensatory or punitive damages is barred or limited to the extent that Plaintiff cannot show actual injury, malice, or reckless indifference to federally protected rights.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Similarly Situated Comparators)

86.

Plaintiff cannot identify any similarly situated individuals or entities who were treated more favorably than Plaintiff. Plaintiff's circumstances were not sufficiently similar to others to

support a claim of "selective enforcement".

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Meeting of the Minds)

87.

Plaintiff has failed to plead and cannot prove a "meeting of the minds" between Defendants and any other alleged co-conspirator to violate Plaintiff's constitutional rights.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Underlying Constitutional Violation)

88.

Plaintiff cannot prevail on a civil conspiracy claim because there was no underlying constitutional violation.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Intra-Agency Conspiracy Doctrine)

89.

To the extent the alleged conspiracy was solely among agents or employees of the City of Oregon City acting within the scope of their employment, Plaintiff's claim is barred.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Lack of Specificity/Conclusory Allegations)

89.

Plaintiff's conspiracy claim is based on vague, conclusory, and unsupported allegations and fails to meet the pleading standards required.

## **RESERVATION OF RIGHTS**

Defendants reserve the right to amend Defendants' Answer to add additional affirmative defenses, counterclaims, cross claims, and/or third-party claims as additional investigation, discovery, and circumstances warrant.

## **PRAYER**

WHEREFORE, Defendants pray for judgment in their favor as follows:

1.      That the Complaint be dismissed with prejudice with respect to all claims asserted against them;

2.      For an award of Defendants' costs, disbursements and attorney fees incurred herein to the extent recoverable by law; and

3.      For any other just and equitable relief deemed appropriate by the Court.


September 18, 2025

                              Wood, Smith, Henning & Berman LLP


                         By:   *s/Amanda J. Rockett*
                              Amanda J. Rockett, OSB No. 052401
                              *arockett@wshblaw.com*
                              Elizabeth D MacGregor, OSB No. 066164
                              *emacgregor@wshblaw.com*

                              *Of Attorneys for Defendants City of Oregon*
                              *City, John Behan, Daniel Hanes, Sydney Oden*
                              *and Denyse McGriff*

## PROOF OF SERVICE

**Jacob Burgard v. City of Oregon City, et al.**
**Case No. 3:25-cv-01198-AR**

I am employed in the County of Washington County, State of Oregon.  I am over the age of eighteen years and not a party to the within action.  My business address is 12755 SW 69th Avenue, Suite 100, Portland, OR 97223.

On September 18, 2025, I served the following document(s) described as **DEFENDANT CITY OF OREGON CITY'S ANSWER TO PLAINTIFF'S COMPLAINT** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 18, 2025, at Portland, Oregon.


_____*s/Chanelle Curfman*_____
Chanelle Curfman


Page 1 –    DEFENDANTS CITY OF OREGON CITY, JOHN
            BEHAN, DANIEL HANES, SYDNEY ODEN, AND
            DENYSE MCGRIFF'S ANSWER TO PLAINTIFF'S
            COMPLAINT

<u>**SERVICE LIST**</u>
**Jacob Burgard v. City of Oregon City, et al.**
**Case No. 3:25-cv-01198-AR**

<u>**Plaintiff Pro Se**</u>
Jacob Burgard
1015 6th Street
Oregon City, OR 97045
*Kelliemor13@gmail.com*

39475246.1:12544-0034

Page 2 –    DEFENDANTS CITY OF OREGON CITY, JOHN
           BEHAN, DANIEL HANES, SYDNEY ODEN, AND
           DENYSE MCGRIFF'S ANSWER TO PLAINTIFF'S
           COMPLAINT